**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AUG 26 2026 PM3:25
FILED - USDC - FLMD - TPA

**TUREYGUA INARU,**
**Plaintiff,**

**v.** **CASE NO:** 8:26-CV-2507-TPB-LSG

**DEPUTY SHERIFF RIVERA #7546,**
**DEPUTY SHERIFF SOOKHOO #8558, and**
**DEPUTY SHERIFF EASON #9234,**
**Defendants.**

## CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

Plaintiff Tureygua Inaru sues Defendants Deputy Sheriff Rivera #7546, Deputy Sheriff Sookhoo #8558, and Deputy Sheriff Eason #9234, and alleges:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Venue is proper in the Tampa Division under 28 U.S.C. § 1391(b) because the events occurred entirely within Polk County, Florida.

4. The four-year personal injury statute of limitations was tolled pursuant to Florida Statute § 95.051(1)(d). Plaintiff was adjudicated mentally incapacitated in August 2023, and competency was legally restored in April 2024, rendering this filing timely.

5. The malicious prosecution claim did not accrue until the State Attorney's Office formally dismissed all underlying criminal charges.

IFP

## II. PARTIES

6. Plaintiff Tureygua Inaru is a resident of Lake County, Florida.

7. Defendants Deputy Sheriff (D/S) Rivera #7546, D/S Sookhoo #8558, and D/S Eason #9234 were at all times material acting under color of law as sworn law enforcement officers for the Polk County Sheriff's Office.

## III. FACTUAL ALLEGATIONS

8. On or about June 22, 2022, Defendants D/S Rivera, D/S Sookhoo, and D/S Eason initiated an unlawful detention, tactical forced entry, and arrest of Plaintiff.

9. At all times material, Plaintiff was the active, documented subject of an official Missing Persons Investigation under Florida Crime Information Center (FCIC) protocols.

10. An individual signed a fraudulent trespass form targeting Plaintiff, despite Plaintiff possessing an absolute, lawful right to be present on the premises.

11. Without a judicial warrant, consent, or exigent circumstances, Defendants physically and violently busted through the closed door of the private premises to seize Plaintiff, breaching the home threshold.

12. Upon breaching the threshold, Defendants used excessive, unreasonable physical force to seize Plaintiff, inflicting deep, bleeding lacerations to her legs and feet.

13. While inflicting these injuries, Defendants searched through Plaintiff's personal belongings and seized her financial bank card, which provided immediate, objective proof of her true legal identity.

14. Defendants did not charge Plaintiff with criminal trespassing based on the third-party form.

15. Instead, to manufacture a crime and justify their unconstitutional entry, Defendants first attempted to charge Plaintiff with giving false information regarding a missing person investigation.

16. To support this primary charge, Defendants maliciously fabricated a claim in the official probable cause affidavit stating that Plaintiff had verbally identified herself as "Nichole"—a completely false narrative invented by the deputies.

17. Defendants executed this false information charge despite knowing Plaintiff's true identity from her seized bank card and knowing she was the exact missing person law enforcement was actively seeking.

18. In a further attempt to conceal their misconduct and shift liability, Defendants maliciously added a retaliatory charge of Criminal Mischief.

19. This Criminal Mischief charge was predicated entirely on the physical damage to the residential door, which was exclusively and violently caused by Defendants themselves when they busted through the threshold.

20. Due to the absolute lack of lawful evidence and the fabricated nature of the initiating paperwork, the State Attorney's Office formally dropped all criminal charges—including the false information and criminal mischief allegations—via an official Nolle Prosequi on November 14, 2022.

## IV. CAUSES OF ACTION

### COUNT I: 42 U.S.C. § 1983 – Unconstitutional Warrantless Entry (Against Defendants D/S Rivera, D/S Sookhoo, and D/S Eason)

21. Plaintiff realleges paragraphs 1 through 5, and paragraphs 6 through 7.

22. Defendants conducted a warrantless, non-consensual entry into a private residence without a warrant, consent, or exigent circumstances, in violation of Plaintiff's Fourth Amendment rights.

### COUNT II: 42 U.S.C. § 1983 – Excessive Force (Against Defendants D/S Rivera, D/S Sookhoo, and D/S Eason)

23. Plaintiff realleges paragraphs 1 through 5, and paragraph 12.

24. The physical force used against Plaintiff during the warrantless entry was objectively unreasonable and caused severe physical injury, in violation of Plaintiff's Fourth Amendment rights.

### COUNT III: 42 U.S.C. § 1983 – False Arrest / Unlawful Seizure (Against Defendants D/S Rivera, D/S Sookhoo, and D/S Eason)

25. Plaintiff realleges paragraphs 1 through 5, and paragraphs 13 through 17.

26. Defendants seized and detained Plaintiff without a warrant and without probable cause, using a fabricated narrative to charge her with giving false information regarding a missing person investigation while failing to charge her with trespassing, in violation of Plaintiff's Fourth Amendment rights.

**COUNT IV: 42 U.S.C. § 1983 – Malicious Prosecution**
**(Against Defendants D/S Rivera, D/S Sookhoo, and D/S Eason)**

27. Plaintiff realleges paragraphs 1 through 5, and paragraphs 15 through 20.

28. Defendants initiated criminal proceedings against Plaintiff with malice and without probable cause by falsifying the official probable cause affidavit with the fabricated "Nichole" narrative and fraudulent property damage claims, in violation of Plaintiff's Fourth Amendment rights.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, granting the following relief:

A. Compensatory damages for physical injuries, pain, suffering, and severe emotional distress;

B. Punitive damages against the individual Defendants in their individual capacities for conduct that was malicious, wanton, and reckless;

C. An award of reasonable attorney's fees and litigation costs pursuant to 42 U.S.C. § 1988; and

D. Any such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**Tureygua Inaru, Plaintiff Pro Se**
Dated: August 23, 2026